IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Jerome Mitchell,<br><br>      Plaintiff,<br><br>vs.<br><br>Senior Detective Marc Kitts, in both his personal and professional capacities,<br><br>      Defendant. | C/A No. 0:12-346-MBS-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Curtis Jerome Mitchell, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is incarcerated in the Broad River Correctional Institution, a facility run by the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff alleges he was arrested for shoplifting on December 30, 2003 at a Bi-Lo Shopping Center in York County, and was issued a bond for shoplifting (ECF No. 1-1 at 2), as well as the additional charges of disorderly conduct and resisting police (ECF No. 1-2 at 2), and unlawful weapon (ECF No. 1-8 at 1). Plaintiff allegedly removed two cases of Taylor Pride chewing tobacco from the store. (ECF No. 1-3 at 1.) A Bi-Lo employee alleged that Plaintiff threatened to kill him with a knife and indicated the tobacco was worth $1.99 per pack for a total of approximately $50.00. (ECF No. 1-6 at 1.)

Plaintiff alleges that on December 31, 2003, arresting officers Peek and Skelton—who are not defendants in this action—"unconstitutionally applied the adjudicated facts of the 'shoplifting incident' . . . to an erroneous charge of armed robbery in absent [*sic*] of a Court[']s order to dismiss the shoplifting violation." (ECF No. 1-1 at 2.)

Plaintiff claims Defendant Kitts, identified by Plaintiff as a senior detective for the Rock Hill City Police Department (ECF No. 1 at 2), served as a witness before both the February 19, 2004 term and the April 15, 2004 term of the York County Grand Jury resulting in two indictments (ECF No. 1-1 at 3, 4.) Plaintiff alleges that Defendant Kitts willfully fabricated the existence of a court's order of dismissal of the shoplifting charge and claims that Peek and Skelton, in conspiracy with Defendant Kitts "fabricate[d] that such 911 call was made in reference to a[n] 'Armed Robbery' rather than 'Shoplifting' in contrary to their own initial written report." (Id. at 4.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

*PJG*

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so;

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

*PJG*

however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

With regard to the plaintiff's subsequent conviction, related state court proceedings, and arrest are concerned, the § 1983 Complaint is subject to summary dismissal because a right of action has not yet accrued. With respect to actions filed pursuant to 42 U.S.C. § 1983, such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Heck Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, the United States Supreme Court has ruled that until a criminal conviction is set aside by way of appeal, PCR, a writ of habeas corpus, or otherwise, any civil rights action based on the conviction and related matters will be barred.

Plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued. Therefore, this action must be dismissed for failure to state a claim.

Additionally, the sole defendant named in this matter is immune from suit. Plaintiff names Defendant Kitt in this matter because he testified before a grand jury. In this judicial circuit however, it is well settled that a grand jury witness cannot be sued under 42 U.S.C. § 1983. Burke v. Miller, 580 F.2d 108, 109-10 & n.3 (4th Cir. 1978) (holding that a state medical examiner was immune from suit based on his testimony before a grand jury); see also Kincaid v. Eberle, 712 F.2d 1023 (7th Cir. 1983) (police officer who testifies before a grand jury has absolute immunity). Moreover, all persons who testified in any judicial proceedings relating to the plaintiff's conviction have absolute immunity in an action for damages brought under 42 U.S.C. § 1983. See Briscoe v. LaHue, 460 U.S. 325, 327-46 (1983) (declining to carve out an exception to the general rule of witness immunity for alleged perjury by police officer witnesses in criminal proceeding).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915A (the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal).

/s/ Paige J. Gossett
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 24, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).